or defendants to make the repairs. If the duty rests upon defendants, plaintiff may recover the rent that defendants have held back; if the duty rests on plaintiff, there is an opportunity for recoupment for the damage that defendants have suffered because plaintiff has neglected to repair. All of these agreements, and all of these acts, of the defendants, claimed to be in violation thereof, are reducible to the single right of the plaintiff, namely, the maintenance of the covenants and conditions prescribed in the lease. We think, therefore, there is a single cause of action stated in the complaint. Blackmar, P. J., Kelly, Jaycox, Kelby and Young, JJ., concur.

JAMES LONGACRE, an Infant, by FREDERICK V. D. LONGACRE, His Guardian ad Litem, Respondent, v. YONKERS RAILROAD COMPANY, Appellant.— Judgment and order reversed upon the law and complaint unanimously dismissed, with costs. We are of opinion that the evidence does not present a case which justifies a verdict that the defendant was negligent. Present — Blackmar, P. J., Rich, Kelly, Manning and Kelby, JJ.

URBAN LUECHINGER, an Infant, by JACOB LUECHINGER, His Guardian ad Litem, Respondent, v. OTTO EICHHAMMER, Appellant, and KILIAN REUTHER, Defendant.— Judgment and order reversed on the law and complaint dismissed, without costs in this court, on the ground that defendant Reuther acted beyond the scope of his employment when he directed plaintiff to whip up the team of horses attached to the mowing machine. Blackmar, P. J., Rich, Kelly, Jaycox and Kelby, JJ., concur.

MARJORIE McGEE, Respondent, v. WILLIAM F. McGEE, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion. Blackmar, P. J., Kelly, Jaycox, Kelby and Young, JJ., concur.

HARRIET M. McGUIRE, Respondent, v. DOUGLAS H. COOKE, Appellant.— Judgment and order of the City Court of New Rochelle reversed on the law and a new trial ordered, with costs to abide the event, upon the ground that it was error to exclude the question asked the landlord upon cross-examination bearing upon the good faith of the landlord's contention that she desired to recover possession of said premises for the immediate and personal occupancy by herself and her family.* Blackmar, P. J., Rich, Kelly, Jaycox and Young, JJ., concur.

FRANK McWILLIAMS, INC., Respondent, Appellant, v. ÆTNA INSURANCE COMPANY, Appellant, Respondent.— Judgment reversed on the law and complaint unanimously dismissed, with costs. The findings of fact contained in the decision numbered fourth, sixth, ninth and tenth are reversed, and the conclusions of law are also reversed, and this court finds that the said dry dock was damaged on the occasion in question on account of the inability to keep it pumped out by reason of the cessation of electric current supplied to its pumps by the Richmond Light and Railroad Company, due to an accident occurring in the power plant of the said Richmond Light and Railroad Company; and also finds as a conclusion of law that the policy issued by defendant to plaintiff did not insure plaintiff against damage due to such sinking; that plaintiff is not entitled to recover against defendant for such damage, and that the defendant is entitled to judgment

---

* See Civ. Prac. Act, § 1410, subds. 1, 1-a, as added by Laws of 1921, chap. 199.— [REP.

against plaintiff dismissing the complaint on the merits, with costs. Blackmar, P. J., Rich, Kelly, Jaycox and Young, JJ., concur. Settle order on notice.

FRANK MCWILLIAMS, INC., Respondent, Appellant, v. AMERICAN INSURANCE COMPANY, Appellant, Respondent.— Judgment reversed upon the law and complaint dismissed. The findings contained in the decision numbered fourth, sixth, ninth and tenth, and the conclusions of law, are reversed; and this court finds the conclusions of law proposed by the defendant numbered fifth, sixth, seventh, eighth and ninth, and the conclusions of law proposed by the defendant numbered first, second and third. Blackmar, P. J., Rich, Kelly, Jaycox and Young, JJ., concur. Settle order on notice.

FRANK MCWILLIAMS, INC., Respondent, Appellant, v. FIREMAN'S FUND INSURANCE COMPANY, Appellant, Respondent.— Judgment reversed on the law and complaint unanimously dismissed, with costs. The findings of fact contained in the decision numbered fourth, sixth, ninth and tenth are reversed, and the conclusions of law are also reversed, and this court finds that the said dry dock was damaged on the occasion in question on account of the inability to keep it pumped out by reason of the cessation of electric current supplied to its pumps by the Richmond Light and Railroad Company due to an accident occurring in the power plant of the said Richmond Light and Railroad Company; and also finds as a conclusion of law that the policy issued by defendant to plaintiff did not insure plaintiff against damage due to such sinking; that plaintiff is not entitled to recover against defendant for such damage, and that defendant is entitled to judgment against the plaintiff dismissing the complaint on the merits, with costs. Blackmar, P. J., Rich, Kelly, Jaycox and Young, JJ., concur. Settle order on notice.

FRANK MCWILLIAMS, INC., Respondent, Appellant, v. PROVIDENCE-WASHINGTON INSURANCE COMPANY, Appellant, Respondent.— Judgment reversed on the law and complaint unanimously dismissed, with costs. The findings of fact contained in the decision numbered fourth, sixth, ninth and tenth are reversed, and the conclusions of law are also reversed, and this court finds that the said dry dock was damaged on the occasion in question on account of the inability to keep it pumped out by reason of the cessation of electric current supplied to its pumps by the Richmond Light and Railroad Company due to an accident occurring in the power plant of said Richmond Light and Railroad Company; and also finds as a conclusion of law that the policy issued by defendant to plaintiff did not insure plaintiff against damage due to such sinking; that plaintiff is not entitled to recover against defendant for such damage, and that defendant is entitled to judgment against the plaintiff dismissing the complaint on the merits, with costs. Blackmar, P. J., Rich, Kelly, Jaycox and Young, JJ., concur. Settle order on notice.

METROPOLITAN ELECTRIC MANUFACTURING COMPANY, Respondent, v. HERCULES ELECTRIC STEEL CORPORATION, Appellant.— Judgment and order reversed upon the law and a new trial granted, with costs to abide the event. We think it was prejudicial error to exclude evidence of the market value of the merchandise in question during the time between delivery and the giving of notice of the alleged defects. Blackmar, P. J., Rich, Kelly, Jaycox and Young, JJ., concur.

DAVID MORRISON, an Infant, by MARY MORRISON, His Guardian ad Litem, Respondent, v. EDISON ELECTRIC ILLUMINATING COMPANY OF BROOKLYN, Appel-